1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SHARON HOPE,                    )        NO. CIV-S 04-2223 GEB (CMK)
                       Plaintiff,   )
12                                  )                ORDER*
                                    )
13            v.                    )
                                    )
14                                  )
                                    )
15  OTIS ELEVATOR COMPANY, OHANA    )
    HOTELS-RESORTS, OUTRIGGER       )
16  HOTELS-RESORTS,                 )
                       Defendants.  )
17  _____)

18

19          Defendant Outrigger Enterprises, Inc., dba Ohana Hotels and

20  Resorts and Outrigger Hotels and Resorts (collectively "Outrigger"),

21  move for dismissal for lack of personal jurisdiction.  Alternatively,

22  Outrigger moves for dismissal for defective service of process.

23  Outrigger also moves, in the alternative, for dismissal or transfer of

24  this action because this District is an improper venue, or for

25  transfer of the action to Hawaii for convenience of the parties and

26  witnesses.

27  _____

28          *    This matter was determined to be suitable for decision
    without oral argument.  L.R. 78-230(h).

                                    1

1    Plaintiff asserts a tort claim based on personal injuries
2  she allegedly sustained when an elevator she used at Outrigger's hotel
3  in Hawaii malfunctioned.  For the reasons explained below, Outrigger's
4  motion is denied.

5                        **PERSONAL JURISDICTION**

6    Since California's long-arm statute confers jurisdiction to
7  the maximum extent permitted by due process, Cal. Civ. Proc. Code
8  § 410.10, Outrigger is subject to the specific personal jurisdiction
9  of California if (1) it purposefully availed itself of the benefits
10  and protections of California, (2) its contacts arise out of or relate
11  to Plaintiff's underlying cause of action, and (3) exercise of
12  personal jurisdiction is reasonable.  Hedrick v. Daiko Shoji Co.,
13  Ltd., Osaka, 715 F.2d 1355, 1358 (9th Cir. 1983); See Ochoa v. J.B.
14  Martin & Sons Farms, Inc., 287 F.3d 1182, 1188 n.2 (9th Cir. 2002)
15  (holding that "[j]urisdiction may be established with a lesser showing
16  of minimum contacts if considerations of reasonableness dictate.").[1]
17  Plaintiff bears the burden of making a *prima facie* showing that
18  personal jurisdiction is proper.  Harris Rutsky & Co. Ins. Servs.,
19  Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

20  1.       Purposeful Availment

21    To establish Outrigger's contact with California, Plaintiff
22  proffers the uncontested allegations in her Complaint that Outrigger
23  "advertise[s] and [has] significant economic contact in California."
24  (Compl. ¶ 3.)  Plaintiff also declares that she stayed at Outrigger's
25  hotel because Outrigger was hosting a convention that she attended.

26

27           [1]    Plaintiff does not argue in her opposition that
28  Outrigger is subject to general jurisdiction in California.
   (Pl.'s Opp. Mem. at 4.)

                                   2

1  (Hope Decl. ¶ 3.)  In addition, Plaintiff submits an authenticated
2  copy of portions of Outrigger's web site inviting California residents
3  to contact an "Outrigger Specialist" located in several cities
4  throughout California.  (Altemus Decl. ¶ 1; Exh. B-1, B-2, B-3, and B-
5  4.)

6           When determining whether Plaintiff has established a prima
7  facie case of personal jurisdiction, "[u]ncontroverted allegations in
8  the plaintiff's complaint must be taken as true," and reasonable
9  inferences that can be drawn from the evidence must be drawn in
10 Plaintiff's favor.  WNS, Inc. v. Farron, 884 F.2d 200, 203 (5th Cir.
11 1989); Altmann v. Republic of Austria, 317 F.3d 954, 962 (9th Cir.
12 2002).  Plaintiff's Complaint, her declaration, and the exhibits
13 attached to her attorney's declaration indicate that Outrigger targets
14 its advertising to California residents and is associated with several
15 California travel agents.  It is reasonable to infer that this
16 activity also occurred at the time the alleged injury occurred,
17 especially in light of Plaintiff's declaration that she stayed at
18 Outrigger's hotel in November 2002 to attend a convention hosted
19 there, and that she arranged her trip through a travel agent in
20 Sonora, California.  (Hope Decl. ¶ 3.)  Outrigger's inferred
21 association with several travel agents in California and the targeted
22 advertising on its web site constitute purposeful availment for
23 purposes of personal jurisdiction.  See Decker Coal Co. v.
24 Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986) (holding
25 that "if the defendant directly solicits business in the forum state,
26 the resulting transactions will probably constitute the deliberate
27 transaction of business invoking the benefits of the forum state's
28 laws.").

2.        <u>Relation between Contacts and Plaintiff's Tort Claim</u>

Outrigger argues that Plaintiff has not shown that Outrigger had contacts with California that gave rise or relate to Plaintiff's tort claim.  According to Outrigger, Plaintiff merely establishes that Outrigger *currently* advertises to residents in California and *currently* affiliates with California travel agencies.  (Outrigger Reply Mem. at 2.)  However, Outrigger does not deny that it conducted targeted advertising in California or that it associated with California travel agents before Plaintiff's alleged injury.

A "but for" test is used when determining "whether a particular claim arises out of forum-related activities."  <u>Ballard v. Savage</u>, 65 F.3d 1495, 1500 (9th Cir. 1995).  The question, therefore, is this: but for Outrigger's advertising and associations with travel agents, would Plaintiff have stayed at Outrigger's hotel in Hawaii?  <u>Cf.</u> <u>Cubbage v. Merchent</u>, 744 F.2d 665, 670 (9th Cir. 1990) (holding that plaintiff's malpractice claim arose out of defendant's solicitation of patients from California).

Plaintiff declares that she arranged for her stay at Outrigger's hotel to attend a convention held there through an unidentified travel agent in Sonora, California, and Outrigger's current web site indicates that "Outrigger Specialists" are located in Sonora.  (Hope Decl. ¶ 3; Altemus Decl. Exh. B-1.)  It is reasonable to infer from Plaintiff's evidence that Outrigger's advertising and association with California travel agents were "but for" causes of Plaintiff's stay at Outrigger's hotel and, consequently, her use of

///

///

///

4

1  the elevator at Outrigger's hotel.[2]  Thus, Plaintiff has made a prima

2  facie showing that Outrigger is subject to specific jurisdiction in

3  California for Plaintiff's tort claim.

4  3.        Reasonableness

5       Outrigger also argues that the exercise of jurisdiction over

6  it is unreasonable since it will not promote fair play and substantial

7  justice.  To prevail on this argument, Outrigger must present a

8  compelling case that other considerations render exercise of

9  jurisdiction unreasonable.  Burger King Corp. v. Rudzewicz, 471 U.S.

10 462, 477 (1985); accord Sinatra v. Nat'l Enquirer, Inc., 854 F.2d

11 1191, 1198 (9th Cir. 1988) (holding that defendant bears the burden of

12 demonstrating that the exercise of jurisdiction is unreasonable).

13 Seven factors must be balanced in determining whether the exercise of

14 jurisdiction is reasonable: "(1) the extent of the defendant's

15 purposeful interjection into the forum state's affairs; (2) the burden

16 on the defendant; (3) conflicts of law between the forum and

17 defendant's home jurisdiction; (4) the forum's interest in

18 adjudicating the dispute; (5) the most efficient judicial resolution

19 of the dispute; (6) the plaintiff's interest in convenient and

20 effective relief; and (7) the existence of an alternative forum."

21 Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

22 ///

23 ///

24 _____

25       [2]   Plaintiff's reliance on Farmers Ins. Exch. v. Portage
   La Prarie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990), is
26 inapposite.  Plaintiff's citation to Outrigger's current
   advertising campaign and business associations considered in
27 light of Plaintiff having arranged to stay at Outrigger's hotel
   through a California travel agent raises a reasonable inference
28 that Outrigger maintained contacts with California before
   Plaintiff's injuries.

1          a.   *Purposeful Interjection*

2          Outrigger's contacts with California are significant enough

3    to cause the "purposeful injection" factor to weigh in favor of the

4    exercise of personal jurisdiction.  <u>Core-Vent Corp v. Nobel Indus. AB</u>,

5    11 F.3d 1482, 1488 (9th Cir. 1993).

6          b.   *Defendant's Burden*

7          Outrigger argues that litigating in California presents a

8    significant burden on it because it will have to arrange for travel to

9    and from Hawaii to litigate this action in California.  (Outrigger

10   Mem. at 7.)  But in this "era of fax machines and discount air travel,

11   requiring [Outrigger] to litigate in [California] is not

12   constitutionally unreasonable."  <u>Panavision Int'l L.P. v. Toeppen</u>, 141

13   F.3d 1316, 1323 (9th Cir. 1998), <u>cited in</u> <u>Pacific Fisheries Corp. v.</u>

14   <u>Power Transmission Prods., Inc.</u>, No. CIV 00-00298, 2000 WL 1670917, at

15   *9 (D. Haw. Oct. 17, 2000) (holding that it is reasonable to compel an

16   Oregon defendant with "few contacts" to litigate in Hawaii).

17   Furthermore, Outrigger's litigation burden should be viewed in light

18   of the corresponding burden on Plaintiff.  <u>Brand v. Menlove Dodge</u>, 796

19   F.2d 1070, 1075 (9th Cir. 1986).  In light of Plaintiff's assertion

20   that litigating in Hawaii would impose an undue burden on Plaintiff

21   because of California residents who are likely to testify at trial on

22   her behalf, this factor does not weigh in favor of either party.

23          c.   *Conflict of Laws*

24          Since it has not been shown that Plaintiff's tort claim

25   involves novel or complex questions of Hawaiian law, this factor does

26   not favor Outrigger.

27   ///

28   ///

1            d.   *Forum's State Interest*

2            Plaintiff is a resident of California and California has a

3  "strong interest in providing a means of redress for its residents

4  . . . ." <u>Sinatra</u>, 854 F.2d at 1200.  However, California's interest

5  is mitigated because the injury occurred in Hawaii.  Therefore, this

6  factor has not been shown to favor either party.

7            e.   *Efficient Judicial Resolution*

8            This factor focuses on the location of the witnesses and the

9  evidence.  <u>Ziegler v. Indian River County</u>, 64 F.3d 470, 475-476 (9th

10  Cir. 1995).  Outrigger declares that it identified seven witnesses to

11  the incident who were last known to reside in Hawaii.  (Maunakea Decl.

12  ¶ 3.b.)  However, Outrigger does not indicate the import of these

13  witnesses on the issues involved in the instant case.  In its reply

14  brief, Outrigger indicates that an investigation of the site will be

15  necessary to determine lighting, floor texture, width of the elevator,

16  speed of the elevator doors, and the elevator's assembly.  (Outrigger

17  Reply Mem. at 3.)  However, these matters do not appear relevant as

18  Plaintiff alleges that she received personal injury when the elevator

19  suddenly dropped one foot.  (Compl. ¶ 17.)  Plaintiff also counters

20  that there are several percipient and expert witnesses in California

21  who will testify.  (Hope Decl. ¶ 2.)  Outrigger has not shown that

22  this factor favors its position.

23            f.   *Convenient and Effective Relief*

24            Outrigger contends that it is more convenient to litigate in

25  Hawaii than in California.  Plaintiff disagrees, arguing that

26  litigating in California is preferable to litigating in Hawaii because

27  she is domiciled in California.  This factor has not been shown to

28  favor either party.

7

1        g.   *Availability of Alternative Forum*

2      It is unclear whether Hawaii is an alternative forum for

3 litigating this action. Although Outrigger makes a conclusory

4 allegation that Otis Elevator Company ("Otis") is subject to personal

5 jurisdiction in Hawaii, Plaintiff expresses doubt about the

6 truthfulness of this assertion. This factor has not been shown to

7 favor either party.

8      On balance, Outrigger does not "present a compelling case"

9 that the exercise of personal jurisdiction over it in this District is

10 unreasonable. <u>Roth</u>, 942 F.2d at 625 (citing <u>Burger King</u>, 471 U.S. at

11 476). Therefore, Plaintiff's prima facie showing of personal

12 jurisdiction is sufficient to withstand Outrigger's dismissal motion

13 at this time. <u>See</u> <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 587 n.3

14 (9th Cir. 1993) (noting that plaintiffs ultimately bear the burden of

15 establishing the propriety of personal jurisdiction by a preponderance

16 of the evidence at trial).

17                      <u>SERVICE OF PROCESS</u>

18      In its opening brief, Outrigger "contest[s] the sufficiency

19 of the service of process upon [it] by plaintiff in this action."

20 (Outrigger Mem. at 9.) Outrigger declares that at the time it noticed

21 this motion, "no documents available for viewing via the Court's PACER

22 Program indicate[d] that plaintiff had properly served [Outrigger]

23 with plaintiff's complaint and summons." (Outrigger Mem. at 9);

24 (Keats Decl. ¶ 5); <u>see</u> Local Rule 4-210(b) (stating that "proof of

25 service shall be filed and served an all parties who have been served

26 . . . as soon as possible after service has been completed, and, in

27 any event, before any action based upon the service is requested or

28

1  taken by this Court or is taken by a party in reliance on proper
2  service.").

3        Plaintiff filed the proofs of service one day after
4  Outrigger filed the motion *sub judice*.  The proofs of service indicate
5  that Warren Fereirra, whose title is Security Chief, was served at
6  2030 Kuhio Avenue, Honolulu, Hawaii 96815, on February 25, 2005, at
7  1:30 p.m.; and that service was effected pursuant to the California
8  Code of Civil Procedure.

9        In its reply brief, Outrigger argues that service of process
10 is "defective" because (1) Fereirra is neither a corporate officer of
11 Outrigger nor authorized to accept service for Outrigger, and (2)
12 Outrigger does not maintain its "corporate offices" at 2030 Kuhio
13 Avenue, Honolulu, Hawaii 96815.  (Outrigger Reply Mem. at 4; Maunakea
14 Decl. ¶ 3.d-f.)[3]  Outrigger also argues that Plaintiff did not
15 properly effect service because "no evidence shows that plaintiff's
16 summons and complaint [were] thereafter mailed to the address where
17 the documents were delivered."  (Outrigger Reply Mem. at 4.)

18       Service of process upon a domestic corporation must be
19 effected either (1) pursuant to the law of the state in which the
20 district court is located, (2) pursuant to the law of the state in
21 which service is effected, or (3) by delivering a copy of the summons
22 and of the complaint to an officer, a managing or general agent, or to
23 any other agent authorized by appointment or by law to receive service
24 of process.  Fed. R. Civ. P. 4(h)(1).  Plaintiff bears the burden of
25 establishing the validity of service.  <u>Hickory Travel Sys., Inc. v.</u>

26

27 ───────────────────

       [3]   Outrigger declares that its "corporate offices" are
28 located at 2375 Kuhio Avenue, Honolulu, Hawaii 96815.  (Maunakea
   Decl. ¶ 3.c.)

1  <u>TUI AG</u>, 213 F.R.D. 547, 551-552 (N.D. Cal. 2003).  "The filing of a

2  proof of service creates a rebuttable presumption that the service was

3  proper."  <u>Floveyor Int'l, Ltd. v. Super. Ct.</u>, 59 Cal. App. 4th 789,

4  795 (1997).

5       California law allows service to be effected on a business

6  organization of unknown form "by leaving a copy of the summons and

7  complaint during usual office hours with the person who is apparently

8  in charge of the office of that business organization, and by

9  thereafter mailing a copy of the summons and complaint by first-class

10  mail, postage prepaid, to the person to be served at the place where a

11  copy of the summons and complaint was left.  Service of a summons in

12  this manner is deemed complete on the 10th day after the mailing."

13  Cal. Civ. Proc. Code § 415.95(a).[4]

14       Outrigger also argues that Plaintiff's service is

15  insufficient because Plaintiff failed to timely file a proof of

16  service.  But this argument does not justify dismissal because

17  "[f]ailure to make proof of service does not affect the validity of

18  service."  Fed. R. Civ. P. 4(l); <u>accord</u> <u>O'Brien v. R.J. O'Brien &</u>

19  <u>Assocs., Inc.</u>, 998 F.2d 1394, 1402 (7th Cir. 1993).

20       Therefore, Outrigger must rebut the presumption of valid

21  service.  <u>Floveyor Int'l</u>, 59 Cal. App. 4th at 795.  Outrigger's

22  argument against Plaintiff's proofs of service relies on drawing an

23  inference in Outrigger's favor that Fereirra did not have apparent

24  authority to receive service on Outrigger's behalf.  While Outrigger

25  avers Fereirra is not a corporate officer of Outrigger, Outrigger does

26

27  _____

28       [4]   Plaintiff states in her Complaint that Outrigger's
    corporate form was unknown.  (Compl. ¶ 3.)

10

1  not rebut Plaintiff's showing that Fereirra was "apparently in charge"

2  of Outrigger's office on the date and time of service.

3          Outrigger also declares that its "corporate offices" are not

4  located at 2030 Kuhio Avenue, Honolulu, Hawaii, where service was

5  made.  (Maunakea Decl. ¶ 3.d.)  However, Outrigger does not declare

6  that it does not have an office at 2030 Kuhio Avenue.[5]

7          Outrigger also argues that the service was defective because

8  Plaintiff's proofs of service failed to state that she complied with

9  the mailing requirement prescribed by Section 415.95(a) of the

10 California Code of Civil Procedure.  Neither Federal Rule of Civil

11 Procedure 4(l) nor California Code of Civil Procedure Section

12 417.10(a) requires that the proof of service recite this requisite

13 first-class mailing of the summons and complaint.  For the stated

14 reasons, Outrigger failed to rebut the presumption that service was

15 valid.

16                                **VENUE**

17         Outrigger next argues that venue is improper in this

18 District.  Plaintiff has the burden of proving that venue is proper in

19 the district in which the suit was initiated.  Airola v. King, 505

20 F. Supp. 30, 31 (D. Ariz. 1980).  Venue is proper in this District if

21 both Defendants "reside" in California, and at least one Defendant

22 "resides" in this District.  28 U.S.C. § 1391(a)(1).  For purposes of

23

24 _____

25         [5]  The legislative history of California Code of Civil
   Procedure Section 415.95 indicates that service under this
26 section may be rendered at any branch of a defendant.  See Senate
   Judiciary Committee, Committee Analysis of AB 418, at 5 (June 25,
27 2003) (adding Cal. Civ. Proc. Code § 415.95(b) to allay concerns
   of "large corporations" that Cal. Civ. Proc. Code § 415.95(a)
28 allows process servers to leave documents with any employee of
   any branch).

venue, a corporation is a resident of any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Since Plaintiff has established a prima facie case that Outrigger is subject to personal jurisdiction in California and this District, the remaining question is whether Defendant Otis Elevator Company ("Otis") is subject to personal jurisdiction in California. The uncontroverted allegations in the Complaint allege that Otis "does business in California and has significant economic contact with California." This allegation justifies exercise of personal jurisdiction over Otis in this District. Consequently, Otis is a resident of California for purposes of venue and venue is proper under 28 U.S.C. § 1391(a)(1).

## INCONVENIENT FORUM

Outrigger requests that venue be transferred to Hawaii pursuant to 28 U.S.C. § 1404(a). To prevail on this request, Outrigger must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker, 805 F.2d at 843. The convenience of witnesses is the most important factor in determining whether to transfer because of the inconvenience of the forum. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Outrigger must demonstrate through affidavits that it is more convenient for witnesses to attend trial in Hawaii. Cochran v. NYP Holding, Inc., 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998) ("Rather than relying on 'vague generalizations' of inconvenience, the moving party must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include.").

1        Outrigger has not met this burden.  Therefore, Outrigger's

2   motion to transfer for inconvenient forum is denied.

3        For the stated reasons, Outrigger's motion is denied.

4        IT IS SO ORDERED.

5   Dated:  June 29, 2005

6

7                            /s/ Garland E. Burrell, Jr.
                             GARLAND E. BURRELL, JR.

8                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28