IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SHARON HOPE,                    )
                                )   2:04-cv-2223-GEB-CMK
            Plaintiff,          )
                                )
      v.                        )   ORDER
                                )
OTIS ELEVATOR COMPANY;           )
OHANA HOTELS-RESORTS;            )
and OUTRIGGER HOTELS-RESORTS,   )
                                )
            Defendants.         )
                                )
```

The Final Pretrial Order filed November 28, 2006, permitted Plaintiff to file a brief addressing what law governs this action if she disagreed with Defendants' position at the final pretrial conference that Hawaii law governs.[1] On December 6, 2006, Plaintiff filed a brief in which she asserts California law should apply because "the substantive law of the States of California and Hawaii is essentially identical . . . and, therefore, . . . the law of the forum state should be applied . . . ." (Pl.'s P. & A. at 3.) On December 12, 2006, Defendants Ohana Hotels-Resorts and Outrigger

---

[1] Plaintiff's counsel did not appear at the final pretrial conference.

1

1  Hotels-Resorts (collectively "Defendants") filed a responsive brief in
2  which they argue Hawaii law applies.
3           A conflict does exist between California and Hawaii law
4  concerning "[t]he procedural effects of <u>res ipsa loquitur</u> . . . ."[2]
5  <u>Jenkins v. Whittaker Corp.</u>, 785 F.2d 720, 732 (9th Cir. 1986).

> Under California law, the application of <u>res ipsa loquitur</u> shifts the burden of production . . . to the defendant; unless the defendant then comes forward with evidence suggesting that it was not negligent or that its negligence did not proximately cause the injury, the jury is required to find that the accident resulted from the defendant's negligence. . . . The doctrine of <u>res ipsa loquitur</u> raises a rebuttable presumption of negligence, entitling the plaintiff to a directed verdict in the absence of contrary evidence.

12 <u>Id.</u> (internal citations omitted).  In Hawaii, however, "[t]he doctrine
13 merely establishes a prima facie case of negligence; it allows the
14 case to go to the jury.  It permits but does <u>not</u> compel a finding of
15 negligence, even in the absence of contrary evidence."  <u>Id.</u> at 733.
16           Under California's "governmental interest" approach to
17 choice of law, consideration is given to which state has a greater
18 interest in application of its law to the case.  <u>Waggoner v. Snow,</u>
19 <u>Becker, Kroll, Klaris & Krauss</u>, 991 F.2d 1501, 1506 (9th Cir. 1993).
20 Plaintiff has not articulated whether California has an interest in
21 having its law apply.  Defendants, however, have asserted that "[t]he
22 State of Hawaii has an interest in assuring that accidents which occur
23 in the State . . . are governed by the laws of that state . . . .  A
24 significant portion of the states [sic] economic well being deals with
25 the tourist industry. . . .  It would be judicially disruptive, time

---

[2] Plaintiff's brief does not address whether the two State's laws regarding res ipsa loquitur are the same, even though she indicated in the Joint Pretrial Statement ("JPS") that the doctrine would be an issue at trial.  (JPS at 3.)

consuming and contrary to the interests of the State of Hawaii to see the application of forum state law, in each accident occurring in Hawaii that involved an out-of-state resident." (Defs'. Resp. at 2.) Therefore, Hawaiian law governs this action.

        IT IS SO ORDERED.

Dated: December 21, 2006

                                                                GARLAND E. BURRELL, JR.
                                                               United States District Judge