IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON HOPE,  )
             )   2:04-cv-2223-GEB-CMK
    Plaintiff,  )
             )
    v.       )   ORDER RE:  SETTLEMENT
             )   AND DISPOSITION
OTIS ELEVATOR COMPANY;  )
OHANA HOTELS-RESORTS;  )
OUTRIGGER HOTELS-RESORTS,  )
             )
    Defendants.  )
_____)

On January 22, 2007, Defendants Ohana Hotels-Resorts and Outrigger Hotels-Resorts filed a Notice of Conditional Settlement which states "the parties hereto have reached a conditional settlement as to all causes of action."  This Notice fails to indicate whether the parties have in fact settled this action and whether the pending Rule 16 scheduling dates should be vacated or modified.

Absent a showing that a judicially enforceable settlement exists, the trial commencement date of February 21, 2007, will not be vacated.  See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (before a settlement agreement is enforceable the parties must have

1

1  agreed to all material terms of the settlement in an enforceable
2  form).  However, since it appears to be the parties' desire to
3  avoid further litigation in this action, the parties' trial briefs,
4  motions in limine, and documents estimating the length of trial,
5  which are currently due by January 23, 2007, need not be filed
6  until January 30, 2007.[1]

7  If the parties desire to have all Rule 16 dates vacated,
8  they must file a dismissal document by January 30, 2007, or place a
9  judicially enforceable settlement on the record by the same date
10 (either by filing a writing in which the parties and counsel set
11 forth all material terms of the settlement or by setting forth all
12 material settlement terms on the record in a hearing before the
13 judge).  Otherwise, the case will not be removed from the judge's
14 trial docket and the parties will remain obligated to comply with
15 all Rule 16 scheduling deadlines.

16 If the parties elect to file a document setting forth the
17 material terms of their settlement, each party, through an
18 authorized agent, must affirm the settlement under 28 U.S.C. §
19 1746, or through the agent's duly-notarized signature.  Affirming
20 the settlement as stated could make it enforceable under federal
21 law.  See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  If
22 the parties elect to set forth the settlement terms at a hearing on
23 the record, they must contact the judge's courtroom deputy, Shani
24 Furstenau (916-930-4114), to schedule a hearing on the judge's

---

[1] The parties also need not exchange trial exhibits or statements designating answers to interrogatories and portions of depositions, as required by this Court's November 28, 2006 final pretrial order, until January 30, 2007.  (Nov. 28 Order at 7, 8.)

1  calender so that the hearing will take place no later than January
2  30, 2007.
3         IT IS SO ORDERED.
4  Dated:  January 22, 2007
5                                    _____
6                                    GARLAND E. BURRELL, JR.
                                     United States District Judge